[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2009
THOMAS K. KAHN
CLERK

No. 08-15252
Non-Argument Calendar

_____

Agency Nos. A095-529-734, A095-529-735

MARTHA LUCIA HENAO,
ALVARO DE JESUS AMAYA,
KAREN TATIANA AMAYA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(March 19, 2009)

Before BIRCH, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Martha Lucia Henao, her husband Alvaro de Jesus Amaya ("Amaya"), and

their daughter, Karen Tatiana Amaya ("Karen"),[1] petition for review of the Board

of Immigration Appeals's decision affirming the immigration judge's order of

removal and denial of withholding of removal.[2]  Amaya contends that the BIA

erred in finding that he was not entitled to withholding of removal based on an

imputed political opinion and his membership in a "particular social group."

Because the BIA issued its own decision in this case, our review is limited to

that decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  We

review the BIA's factual determinations under the "substantial evidence test."

Under that test, we must affirm the BIA's decision "if it is supported by

reasonable, substantial, and probative evidence on the record considered as a

whole."  D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir.

2004).  We will not reverse the BIA's factual determinations unless the record

compels us to do so.  Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287

(11th Cir. 2003).

To qualify for withholding of removal, an alien must show it is more likely

than not that if he returned to his country his life or freedom would be threatened

on account of his race, religion, nationality, membership in a particular social

group, or political opinion.  See 8 U.S.C. § 1231(b)(3)(A).  To satisfy his burden of

---

[1] Henao and Karen Amaya are derivative applicants based on Alvaro Amaya's petition.

[2] The petitioners withdrew their applications for asylum before the IJ.

2

proof, an alien may establish "past persecution in his country based on a protected ground." Mendoza v. United States Att'y Gen., 327 F.3d at 1287. Alternatively, an alien may "demonstrate a future threat to his life or freedom on a protected ground in his country." Id.

Substantial evidence supports the BIA's determination that Amaya was not entitled to withholding of removal on account of an imputed political opinion. Amaya's relationship with the Revolutionary Armed Forces of Columbia ("FARC") was a commercial one based on his mechanical expertise. Whatever abuse or harassment Amaya suffered from the FARC was due to his refusal to manufacture weapons for them; it was not based on any actual or imputed political opinion. Because Amaya's problem with the FARC arose from his refusal to cooperate with it, he is not entitled to withholding of removal based on political opinion. See Sanchez v. United States Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) ("It is not enough to show that []he was or will be persecuted or tortured due to h[is] refusal to cooperate with the guerillas.").

Substantial evidence also supports the BIA's finding that Amaya is not entitled to withholding of removal based on the membership in a "particular social group." Amaya's "special knowledge of weapon design" does not qualify him as a member of a particular social group. We have recognized that the phrase "'particular social group' should not be a 'catch all' for all persons alleging

3

persecution who do not fit elsewhere." <u>Castillo-Arias v. U.S. Att'y Gen.</u>, 446 F.3d 1190, 1196 (11th Cir. 2006). Instead, a particular social group must be based on an "immutable characteristic" that is "fundamental" to the group members' "individual identities or consciences." <u>Id.</u> Amaya's vocational expertise does not meet that standard.

Because Amaya is not entitled to withholding of removal, we also deny the claims of derivative applicants Henao and Karen.

**PETITIONS DENIED.**